# United States Court of Appeals

## For the Eighth Circuit

_____

No. 21-3901
_____

Jean Alexis, Nursing Assistant

*Plaintiff - Appellant*

v.

Sholom Shaller Family East Campus

*Defendant - Appellee*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: May 23, 2022
Filed: June 27, 2022
[Unpublished]
_____

Before SHEPHERD, STRAS, and KOBES, Circuit Judges.
_____

PER CURIAM.

Jean Alexis appeals the district court's[1] dismissal of his employment discrimination complaint. After careful de novo review, see Blomker v. Jewell, 831

_____

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

F.3d 1051, 1055 (8th Cir. 2016), we agree with the district court's conclusion that Alexis failed to state an employment discrimination claim, as he failed to adequately allege that he suffered an adverse employment action due to his race, skin color, or national origin. See id. at 1056 (while employment discrimination complaint need not include facts establishing prima facie case of discrimination, elements of prima facie case are part of background against which plausibility determination should be made); Schaffhauser v. UPS, 794 F.3d 899, 903-04 (8th Cir. 2015) (prima facie case of discrimination requires that plaintiff suffered adverse employment action under circumstances permitting inference of discrimination). We also agree with the district court that Alexis's allegations were not severe enough to constitute a hostile work environment, see Pye v. Nu Aire Inc., 641 F.3d 1011, 1018 (8th Cir. 2011) (hostile work environment exists when workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter conditions of employment and create abusive working environment), and that Alexis did not adequately allege a retaliation claim, see Sallis v. Univ. of Minn., 408 F.3d 470, 477 (8th Cir. 2005) (to demonstrate retaliation, plaintiff must show that he engaged in statutorily protected conduct, there was an adverse employment action, and a causal connection exists between protected conduct and adverse action).

      Accordingly, we affirm. See 8th Cir. R. 47B.

_____